Argued and submitted January 14, ballot titles certified February 7, 2002

Jay CHAMBERLIN,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49035, S49036)
(Consolidated for Opinion)

39 P3d 175

Steven C. Berman, of Stoll Stoll Berne Lokting & Shlachter, P.C., Portland, argued the cause and filed the petitions for petitioner.

Jas. Jeffrey Adams, Assistant Attorney General, Salem, argued the cause and filed the answering memoranda for respondent. With him on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

These two ballot title review proceedings have been consolidated for opinion. Petitioner challenges various aspects of the Attorney General's certified ballot titles for two proposed initiative measures, which the Secretary of State has denominated as Initiative Petition 124 (2002) and Initiative Petition 125 (2002).[1] We review the Attorney General's certified ballot titles to determine whether they substantially comply with the requirements of ORS 250.035(2)(a) to (d). *See* ORS 250.085(5) (setting out standard of review).

We have considered petitioner's arguments respecting each of the challenged ballot titles and determine that they are not well taken. We certify to the Secretary of State the following ballot title for Initiative Petition 124 (2002):

MODIFIES LAWS LIMITING EXCLUSIVE FARM
USE ZONE DEVELOPMENT: REQUIRES ALLOWING
SINGLE-FAMILY DWELLING PER LOT

RESULT OF "YES" VOTE: "Yes" vote modifies state, local laws limiting development in exclusive farm use zones: requires allowing single-family dwelling as use on lot without existing dwelling.

RESULT OF "NO" VOTE: "No" vote retains current laws limiting development in exclusive farm use zones, while authorizing building, siting new residential dwellings when certain required conditions are met.

SUMMARY: Current local and state laws limit development in exclusive farm use zones, while authorizing building or siting new residential dwellings when certain required conditions are met. Measure modifies current residential development laws in exclusive farm use zones by providing that a single-family dwelling, on lawfully created lots or parcels on which there is no dwelling, is a use that must be allowed in exclusive farm use zones. Allows some counties to impose reasonable conditions when approving

---

[1] The two measures (and the ballot titles that the Attorney General certified for each) are essentially identical, with Initiative Petition 125 containing one additional provision not found in Initiative Petition 124. The differences in the two proposed measures, and in the two ballot titles certified for them by the Attorney General, are not material to these proceedings.

dwellings to ensure adequate services and facilities. Allows some counties to condition or deny approval of dwellings to comply with floodplain laws or comply with or implement federal laws. Declares policy. Applies to lots or parcels acquired or lawfully created before, on, or after effective date of measure.

We certify to the Secretary of State the following ballot title for Initiative Petition 125 (2002):

MODIFIES LAWS LIMITING EXCLUSIVE FARM
USE ZONE DEVELOPMENT: REQUIRES ALLOWING
SINGLE-FAMILY DWELLING ON LOT

RESULT OF "YES" VOTE: "Yes" vote modifies state, local laws limiting development in exclusive farm use zones: requires allowing single-family dwelling as use on lot without existing dwelling.

RESULT OF "NO" VOTE: "No" vote retains current laws limiting development in exclusive farm use zones, while authorizing building, siting new residential dwellings when certain required conditions are met.

SUMMARY: Current local and state laws limit development in exclusive farm use zones, while authorizing building or siting new residential dwellings when certain required conditions are met. Measure modifies current residential development laws in exclusive farm use zones by providing that a single-family dwelling, on lawfully created lots or parcels on which there is no dwelling, is a use that must be allowed in exclusive farm use zones. Allows some counties to impose reasonable conditions when approving dwellings to ensure adequate services, facilities. Allows some counties to condition, deny approval of dwellings to comply with floodplain or federal laws. Prohibits Land Conservation and Development Commission from adopting, enforcing any new or existing rule that limits or prohibits uses authorized by measure. Declares policy. Other provisions.

Ballot titles certified. This decision shall become effective in accordance with ORAP 11.30(11).